# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 23-1958V

| | |
|---|---|
| CLYDE SMITH,<br><br>　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: August 11, 2025 |

*William E. Cochran, Jr.*, Black McLaren Jones Ryland & Griffee, P.C., Memphis, TN, for Petitioner.

*Rachelle Bishop*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEY'S FEES AND COSTS**[1]

On November 6, 2023, Clyde Smith filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered a Table injury - shoulder injury related to vaccine administration as a result of the administration of an influenza vaccination on October 11, 2022. Petition, ECF No. 1. On January 15, 2025, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 22.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $42,319.41 (representing $40,142.50 in fees plus $2,176.91 in costs). Motion for Attorney's Fees, filed on April 4, 2025. ECF No. 27. Furthermore, Petitioner filed a signed statement representing that no personal out-of-pocket expenses were incurred. ECF No. 27-3.

Respondent reacted to the motion on April 5, 2025, reporting that he is satisfied the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, ECF No. 28. Petitioner filed no reply thereafter.

I have reviewed the billing records submitted with Petitioner's request. The hourly rates requested by William Cochran and his supporting paralegals, for work performed through the end of 2024, are reasonable and consistent with our prior determinations and will therefore be adopted. However, the hourly rate requested for attorney Cochran's 2025 work exceeds what he was previously awarded for this year and requires adjustment.

Mr. Cochran was previously awarded the lesser rate of $518.00 for his time billed in 2025. *See Cravotta* v. *Sec'y of Health & Hum. Servs.,* No. 23-2051V, Slip Op. 34 (Fed. Cl. Spec. Mstr. July 24, 2025). I find no reason to deviate from that determination and it otherwise is not the practice of OSM to adjust prior rate determinations upward in later cases. See *Jefferson* v. *Sec'y of Health & Hum. Servs.*, No. 19-1882V, 2023 WL 387051 (Fed. Cl. Spec. Mstr. Jan. 9, 2023). Accordingly, I hereby reduce attorney Cochran's rate to $518.00 for 2025, consistent with *Cravotta.* **Application of the foregoing reduces the fees to be awarded by $2.40**.[3] All other time billed to the matter is reasonable and shall be awarded.

Petitioner has also provided supporting documentation for all claimed costs. ECF No. 27-2. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

---

[3] This amount consists of reducing attorney Cochran's 2025 hourly rate and is calculated as follows: ($519.00 - $518.00 = $1.00 x 2.40 hours billed) = $2.40

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs. I award a total of **$42,317.01 (representing $40,140.10 in fees plus $2,176.91 in costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[4]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.